25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Pedro Juan-PEDRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-9531.
 United States Court of Appeals,
Tenth Circuit.
 May 2, 1994.
 
 ORDER AND JUDGMENT[1]
 PETITION TO REVIEW AN ORDER OF THE
 BOARD OF IMMIGRATION APPEALS FOR THE
 UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE
 Before WHITE, Associate Justice (Ret.),[2] LOGAN and EBEL, Circuit Judges.
 
 
 1
 Petitioner-Pedro Juan-Pedro, a Kanjobal Maya native and citizen of Guatemala, appeals the final order of the Board of Immigration Appeals ("BIA") that affirmed an immigration judge's decision that denied him asylum and withholding of deportation and found him deportable under former 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1251(A)(2).[3] Petitioner appeals the BIA's conclusions on the merits as to all issues and also asserts that the BIA's decision is so cursory this court cannot adequately review it.
 
 
 2
 The BIA adopted the immigration judge's decision when it stated that "[a]fter a review of the record, we concur with the immigration judge's decision...." BIA Order, Aar-uxj-vio. Petitioner argues that the BIA's concurrence with the immigration judge's decision does not provide this court with an adequate basis on which to review the BIA's decision. Petitioner's argument fails, however, because we have recently held that
 
 
 3
 where the Board explicitly recites that it has reviewed the record and the immigration judge's decision and that it is content to rest its decision on the immigration judge's reasoning, adoption of the immigration judge's decision does not present any difficulty in terms of the sufficiency of the Board's articulation of its reasoning.
 
 
 4
 ...
 
 
 5
 [W]e note that in future cases in which the Board adopts the immigration judge's decision rather than engaging in an independent analysis, we will strictly hold the Board to the reasoning of the immigration judge.
 
 
 6
 Panrit v. INS, 1994 WL 88080 * 2 (10th Cir. Mar. 25, 1994). Accordingly, we have reviewed the immigration judge's opinion and we conclude that there was substantial evidence to support the decision on the merits on all issues.
 
 
 7
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. 294(a)
 
 
 [3]
 Petitioner was granted voluntary departure in lieu of deportation